UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

KATHLEEN BETTS,

    Plaintiff,

v.                                        Case No. 3:16cv505-RV-CJK

KENNETH BETTS, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

On September 28, 2017, the undersigned entered an order (doc. 7) advising plaintiff it was evident the facts as presented failed to support a viable claim for relief against the defendants and providing plaintiff an opportunity to cure the deficiencies in an amended complaint. The undersigned directed the clerk of court to send plaintiff a form needed for filing an amended complaint and allowed plaintiff 30 days in which to file either a notice of voluntary dismissal or an amended complaint. The undersigned advised that failure to comply with the order would result in a recommendation that the case be dismissed for failure to prosecute and/or failure to comply with an order of the court.

On October 23, 2017, plaintiff filed a motion for an extension of time (doc. 8). The undersigned granted the motion and allowed plaintiff until December 17, 2017, in which to file an amended complaint. *See* doc. 9. On December 18, 2017, plaintiff filed another motion for an extension of time (doc. 10). The undersigned granted that motion as well (doc. 11), allowing plaintiff until February 2, 2018, in which to file an amended complaint. Plaintiff filed an amended complaint (doc. 12) on February 5. The undersigned entered an order (doc. 16) advising plaintiff the amended complaint was deficient, directing the clerk of court to forward plaintiff a civil rights complaint form, and allowing plaintiff 30 days in which to file either a notice of voluntary dismissal or a second amended complaint. The undersigned cautioned that failure to comply with the order as instructed would result in a recommendation that the case be dismissed.

Rather than comply with the order, plaintiff filed another motion for an extension of time (doc. 17). The undersigned denied plaintiff's request for an indefinite extension, but allowed plaintiff an additional 14 days in which to file a second amended complaint. *See* doc. 18. The undersigned cautioned that should plaintiff fail to do so, the undersigned would recommend, without further notice, that the matter be dismissed for failure to prosecute and/or failure to comply with an order of the court. Plaintiff again failed to comply and, instead, filed yet another motion

for an extension of time.  *See* doc. 19.  The undersigned denied the motion and allowed plaintiff 14 days in which to show cause why the matter should not be dismissed for failure to prosecute and/or failure to comply with an order of the court.  *See* doc. 20.  Rather than show cause, plaintiff set forth a litany of facts regarding the underlying state court matters – specifically, complaints regarding her attorney, a prosecutor, a judge, and her ex-husband – all matters over which this court does not have jurisdiction.

Not only has plaintiff failed to show cause why the matter should not be dismissed, but it is clear plaintiff cannot maintain a viable action in this court based on the facts alleged.  Accordingly, it is respectfully RECOMMENDED:

1. That this action be DISMISSED WITHOUT PREJUDICE.

2. That the clerk be directed to close the file.

At Pensacola, Florida, this 16th day of May, 2018.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.
UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **U.S. Ct. of App. 11th Cir. Rule 3-1; 28 U.S.C. § 636.**